No. 8871.

ILGENFRITZ ET AL. *v.* ILGENFRITZ ET AL.

DESCENTS.—*Widow.—Partition.—Heirs.—Decedents' Estates.*—I. died intestate, leaving a second wife and a child A. by her, and four children by a former marriage. By agreement for partition the children executed to the widow a deed for a tract of land for her life; and she executed to them a deed for all other lands of which I. died seized. Upon the death of the widow—

*Held,* that her child A. was entitled on partition to seven-fifteenths of the tract so conveyed to his mother, and his half-brothers and half-sisters to eight-fifteenths.

From the Tippecanoe Circuit Court.

*T. E. Johnson, J. A. Stein* and *J. P. Jones,* for appellants.

*G. O. Behm* and *A. O. Behm,* for appellees.

ELLIOTT, J.—David Ilgenfritz died the owner of two tracts of land, oné of one hundred and six $\frac{15}{100}$ acres, and the other of two hundred and five acres. He left surviving him his widow Susannah Ilgenfritz, who was his second wife, a child by her named Aaron Ilgenfritz, and four children by his first wife, who were the plaintiffs below and are here the appellees. After the death of David Ilgenfritz, the widow and children made a parol agreement of partition, ahd to carry it into effect deeds were executed, one by the widow to all the children, her own son Aaron as well as the children by the first wife, for the two hundred and five acre tract, and one by them to her for the one hundred and six acre parcel. The deed to the widow limited her interest to an estate for life, and was accepted by her under the terms of the parol agreement. These deeds were executed on the 26th day of November, 1866, and possession was taken under them by the respective parties. The value of the estate granted to the widow was equal to that of one-third of all of the lands of which her husband died seized. Susannah died in March, 1877, and her

son Aaron in March, 1879, leaving as his heirs four children, here the appellants.

The court decreed partition of the one hundred and six acre tract, which is here the only land in controversy, assigning to the appellees eight-fifteenths of the land and to the appellants seven-fifteenths.

There is some difference of opinion among the members of the court as to the validity and effect of the parol agreement for partition, but as all are agreed upon a course of reasoning which leads to an affirmance of the judgment, and as that result would follow whether the agreement be held valid or invalid, the question of the validity of the agreement is neither discussed nor decided.

Susannah Ilgenfritz, the widow, conveyed the two hundred and five acre tract, and thus divested herself of title therein, and we have, therefore, no concern with that parcel of land. As she did not convey her interest in the tract here in controversy that remained in her, and was, under the law, an estate in fee in one-third of it; not the entire ownership as the appellants contend, for she had only a one-third interest in the entire land, and as she had conveyed her interest in all except the land in controversy, she retained only the one-third of that parcel.

Her son Aaron, the father of the appellants, inherited from her all her interest, as he alone is of her blood, and, also, by virtue of his right of heirship under his father, the one-fifth of the two-thirds, thus making his interest seven-fifteenths, and that of his half-brothers eight-fifteenths, and the trial court did right, therefore, in awarding seven-fifteenths of the land to his children. As Aaron's mother had no more than one-third of the land which she had not conveyed, she could transmit no greater interest.

Judgment affirmed.